IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

vs.                              Criminal No. 4:11-cr-40037-36
                                 Civil No. 4:17-cv-04026

RICKY BAKER                                                                    MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant is Ricky Baker ("Baker") who is proceeding *pro se.* On June 26, 2017, Baker filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 1792. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 1799.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

1. **Procedural Background**:

On September 14, 2011, Baker was charged in seven counts of a 190-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas. ECF No. 1. On November 3, 2011, Baker appeared with counsel before the undersigned for an arraignment and entered pleas of not guilty to the seven counts charged against him. ECF No. 341.

On January 26, 2012, Baker appeared before the Honorable Susan O. Hickey for a change of plea hearing and pled guilty to Count Fifty-Two (52) of the Indictment for distribution of cocaine base within 1000 feet of public housing. ECF No. 545. Specifically, Count Fifty-Two alleged as follows: "On or about January 28, 2011, in the Western District of Arkansas, Texarkana Division,

and elsewhere, the defendant, **RICKY BAKER, aka 'Debo'**, did knowingly distribute .1634 grams of mixture or substance containing cocaine base, commonly known as 'crack cocaine,' a Schedule II controlled substance, within 1000 feet of the real property comprising Pinehurst Village, a housing facility owned by a public housing authority, in violation of Title 21 U.S.C. §§ 841(a)(1) and 860(a)." ECF No. 1 at 18.

A Plea Agreement was filed (ECF No. 546), and Judge Hickey ordered a Presentence Investigation Report ("PSR"). ECF No. 689. Thereafter, on April 25, 2012, Baker was sentenced to one-hundred thirty (130) months imprisonment and found to be a career offender under U.S.S.G. § 4B1.1. ECF No. 688. According to the Final Presentence Report and Addendum, Baker was found to be a career offender based on violent offenses for domestic battery (first degree) and domestic battery (third degree). ECF No. 689. The judgment was entered on May 1, 2012. ECF No. 713. Baker did not appeal his sentence.

On April 24, 2017, Baker filed a *pro se* Motion for Relief under 28 U.S.C. § 2255. ECF No. 1792. The Government responded to this Motion on June 26, 2017. ECF No. 1799. In this response, the Government claims Baker's Motion is clearly barred because it was untimely filed. *Id.* Accordingly, the Government claims Baker's Motion must be dismissed. *Id.*

2. **Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.   Discussion**:

The Government claims Baker's Motion should be dismissed because it was untimely filed. Upon review, the Court agrees with the Government and finds Baker's Motion should be dismissed because it was untimely filed.

### A.   One-Year Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

In the present action, Baker's sentence was filed on May 1, 2012. ECF No. 713. Baker's conviction became final on May 15, 2012, when fourteen days had passed without filing an appeal. *See* FED. R. APP. P. 4(b)(1)(A) (recognizing a defendant in a criminal case has fourteen days to file a notice of appeal). Baker then had one year, or until May 15, 2013, in which to file a motion under § 2255. Here, Baker's § 2255 Motion was filed on April 24, 2017 and falls more than three years outside of the one-year time limit to present a timely motion. Accordingly, Baker's § 2255 Motion was filed well beyond the last day it properly could have been filed. It is, therefore, untimely filed unless an exception applies.

### B. Exception to Statute of Limitations

The Court will now consider if an exception to the one-year statute of limitations applies. Under 28 U.S.C § 2255(f)(3), for example, the one-year statute of limitation *does not begin to run* until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In Baker's case, he claims two cases meet this standard and allow him the opportunity to file a belated § 2255 Motion: (1) *Mathis v. United States,* 136 S. Ct. 2243 (2016); and (2) *Descamps v. United States,* 133 S. Ct. 2276 (2013). ECF No. 1792. However, neither one of these cases offers Baker relief. Indeed, both of these cases relate to the Armed Career Criminal Act ("ACCA"). In the instant case, Baker's sentence was not impacted by the ACCA; rather, his sentence was enhanced for violent felonies which resulted in him being designed a career offender under U.S.S.G. § 4B1.1(a). ECF No. 689 ¶ 35. Thus, even assuming these two cases meet the standard from 28 U.S.C § 2255(f)(3), Baker is still not entitled to relief under either the *Mathis* or *Descamps* case.

Further, the Court notes *Mathis* did not establish a new constitutional right. In fact *Mathis* specifically stated: "Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when a statute happens to list possible alternative means of commission." *Mathis*, 136 S. Ct. at 2257. Similarly, *Descamps* did not establish a new rule of constitutional law. "Rather than establish a new rule for analyzing indivisible statutes, *Descamps* simply reaffirmed that "[t]he modified approach does not authorize a sentencing court to substitute ... a facts-based inquiry for an elements-based one." *Headbird v. United States*, 813 F.3d 1092, 1096

(8th Cir. 2016).

Accordingly, neither *Mathis* nor *Descamps* are applicable to Baker's claim here nor did either operate to extend the time he had in which to file the instant Motion. This Court lacks jurisdiction to consider his claims.

**4.     Conclusion**:

Baker's Motion is time-barred under the AEDPA one-year statute of limitations. At the very latest, he was required to file his 28 U.S.C. § 2255 motion by May 15, 2013. Here, Baker waited until April 24, 2017 to file his 28 U.S.C. § 2255 motion.

**5.     Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 1792) be **DENIED** and dismissed with prejudice.[1] The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **18th day of September 2017.**

                                               /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U.S. MAGISTRATE JUDGE

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).