IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                        Case No. 4:11-cr-40037-36

RICKY BAKER                                                       DEFENDANT/MOVANT

## ORDER

Before the Court is the Report and Recommendation filed September 18, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 1814). On September 28, 2017, Petitioner Ricky Baker filed objections to the Report and Recommendation. (ECF No. 1815). The Court finds the matter ripe for consideration.

In his Report and Recommendation, Judge Bryant recommends that Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 1792) should be denied. Specifically, Judge Bryant finds that Petitioner's section 2255 motion was untimely filed and that the cases Petitioner relies on—*Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 133 S. Ct. 2276 (2013)—do not indicate a newly recognized Supreme Court rule made retroactively applicable to cases on collateral review. Judge Bryant also finds that, even assuming that Petitioner's cited cases meet that standard, they do not provide Petitioner relief because they relate to the Armed Career Criminal Act ("ACCA"), while Petitioner's sentence was not impacted by the ACCA because he received a sentence enhancement as a career offender under U.S.S.G. § 4B1.1(a). Judge Bryant concludes by recommending that Petitioner's motion be denied.

Petitioner's objections argue that, due to several splits among circuits, *Mathis* has been construed to have issued a new substantive rule that is retroactive in a post-conviction remedy motion. The Court disagrees. The Eighth Circuit has rejected similar arguments in the past, holding that "the existence of conflicting authority [does not determine] whether a decision

establishes a new rule." *Headbird v. United States*, 831 F.3d 1092, 1096-97 (8th Cir. 2016). Judge Bryant correctly stated that *Mathis* did not establish a new constitutional right. "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* at 1095 (emphasis in original). *Mathis* expressly stated that it based its holding on precedent. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."). Thus, *Mathis* does not create a newly recognized right that is retroactively applicable to cases on collateral review. As a result, Petitioner cannot rely on *Mathis* to extend his time to timely file a section 2255 motion.

Petitioner's objections also argue without citing to supporting authority that *Mathis* applies to any enhancement, whether under the ACCA or the United States Sentencing Guidelines. The Court agrees with Judge Bryant that *Mathis* relates to the ACCA. *Mathis* held that a prior conviction cannot qualify as the generic form of a predicate violent felony offense listed in the ACCA if the prior conviction's elements are broader than those of the generic offense. *Id.* at 2251, 2257. *Mathis* does not also extend this holding to encompass the United States Sentencing Guidelines, as Petitioner claims. Thus, the Court is unpersuaded by Petitioner's argument.

Accordingly, the Report and Recommendation (ECF No. 1814) is adopted *in toto*. Petitioner's motion (ECF No. 1792) is hereby **DENIED**.

**IT IS SO ORDERED**, this 2nd day of October, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge